Qhdham J., delivered the opinion of the court. We do not conceive it necessary to determine but one question raised by the record and assignment of errors; and that is, whether it is necessary that profert of an assignment should be made. In Beebe vs. The Real Estate Bank, 4 Ark. R. 124, it was held that, under our statutes, profert of a promissory note, as well as of a bond, is necessary, and that the omission is ground of general demurrer. Many of the reasons which make it necessary to make profert of a promissory note, apply with equal force to assignments. The execution of an assignment cannot be denied except by plea verified by affidavit, nor is it necessary that the assignee shall set forth the consideration of the assignment. Rev. Stat., ch. II, sec. 14, 15, in consequence of which they are elevated in their charac* ter to an equal dignity with sealed instruments in those particulars. These are the main' reasons which induced the court to declare in Beebe vs. The Real Estate Bank, that want of proferí of a promissory note is ground of general demurrer. In McLain vs. Onstott, 3 Ark. R. 478, it was held that “if the defendant wished to question the assignment, he should have craved oyer of it as well as of the original.” This case clearly determines that the defendant is entitled to oyer of the assignment; and by consequence determines that profert is necessary: for oyer can be demanded only where proferí is made. Gould Plead. 438. 1 Ch. Pl. Stephens’ Pl. 69. The want of proferí being ground of general demurrer by our statutes, according to the decision in Beebe vs. The Real Estate Bank, and the defendants in error having failed to make proferí of the assignment to them of the writing obligatory upon which this suit was instituted, the circuit court erred in rendering judgment thereon: wherefore the same is reversed and this cause remanded with leave for the defendants in error to amend their declaration if they desire to do so.